UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62264-Civ-SCOLA

JAMES S. SALLAH, as Receiver for
MRT LLC and MRT HOLDINGS LLC,

    Plaintiff,

vs.

WORLDWIDE CLEARING LLC, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER is before the Court on the following motions: Defendant GeeGee Morgan's Motion to Dismiss (ECF No. 55), Defendant Larry French's Motion to Dismiss (ECF No. 72), Defendant Joseph Charles's Motion to Dismiss (ECF 79), Defendant Melba Pompey's Motion to Dismiss (ECF 81), Defendants Alberto Pardo and Matusha Pardo's Motion to Dismiss (ECF No. 235), Defendant James Bou, Jr.'s Motion to Dismiss (ECF No. 251), and Defendant Francis McLean's Motion to Dismiss (ECF No. 259). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons more fully set forth in this Order, the Motions to Dismiss are denied.

### I. BACKGROUND[1]

James Clements and Zeina Smidi operated a Ponzi scheme which defrauded several hundred investors out of approximately $50 million. Clements and Smidi orchestrated the Ponzi scheme through MRT LLC, a corporate entity. In 2007, several of the defrauded investors brought a class

---

[1] For purposes of evaluating the Defendants' motions to dismiss, the well pleaded allegations of the Amended Complaint, and all inferences favorable to the Plaintiff, are accepted as true. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).

action lawsuit against Clements, Smidi, and MRT LLC. A settlement was reached in the class action, and a final judgment in the amount of $50 million was entered against Clements, Smidi, and MRT LLC. A Receiver was appointed to take control of MRT LLC, as part of the class action settlement. The Receiver was authorized to take possession of MRT LLC's property and assets, and to take legal action against persons or entities which the Receiver claimed had misappropriated or transferred money from MRT LLC. The order appointing the Receiver specifically authorized the Receiver to pursue actions under Florida's Uniform Fraudulent Transfer Act (Florida Statute Sections 726.101 – 726.201).

The Receiver conducted an investigation and determined that the class action allegations regarding the operation of a Ponzi scheme were accurate. The Receiver confirmed that although MRT LLC was purportedly in the business of trading foreign currency futures offshore with Swiss banks, that Clements and Smidi operated MRT LLC such that the company did not engage in legitimate business operations. Instead, as is typical of Ponzi schemes, MRT LLC used later-investors' money to pay off earlier-investors' interest payments and capital refunds.

The Receiver has alleged that the Defendants received payments in excess of their individual investments and that the money paid to the Defendants was not interest earned on their investments, or a return of their principal, but was actually money which had been fraudulently procured from later-investors. The Receiver is attempting to recover these excess payments for MRT LLC. The Amended Complaint contains four counts: (I) Fraudulent Transfer under Florida Statute Section 726.105(1)(a); (II) Fraudulent Transfer under Florida Statute Section 726.105(1)(b); (III) Fraudulent Transfer under Florida Statute Section 726.106(1); and (IV) Unjust Enrichment.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff

must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.* When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. DISCUSSION

Through the several motions to dismiss, the Defendants challenge the Receiver's standing to bring this action. The Defendants also challenge the sufficiency of the Receiver's pleadings. Finally, the Defendants argue that the Receiver's allegations establish the existence of a meritorious affirmative defense regarding the unjust enrichment.

#### A. **The Receiver's Standing/Authority Pursuant to the Order Appointing Receiver**

The Defendants first argue that the Receiver does not have authority under the order appointing the receiver to pursue claims against the investor-Defendants. (*See, e.g.,* Def.'s Mot. To Dismiss 4, ECF No. 55.) The order appointing the Receiver authorizes the Receiver to "institute such actions and legal proceedings . . . as the Receiver deems necessary against those individuals . . . which the Receiver may claim have . . . wrongfully, illegally, or otherwise misappropriated or transferred money [from MRT LLC]." (Am. Compl. ¶ 2(b).) The order specifically authorizes actions under Florida's Uniform Fraudulent Transfer Act. (*Id.*)

The Defendants argue that the order appointing the Receiver should be narrowly construed to only permit the Receiver the authority to pursue claims against persons who are culpable of some wrongdoing. The Defendants point out that there are no allegations that they were aware of the illicit nature of the Ponzi scheme. They argue that as innocent transferees the Receiver does not have the authority to pursue claims against them.

Under Florida's Uniform Fraudulent Transfer Act, a creditor may avoid, or rescind, a transfer of assets made from a debtor to a transferee if the transfer was fraudulent. Fla. Stat. § 726.108(1)(a) (2010). In addition to avoiding fraudulent transfers, a creditor may obtain an attachment against the asset transferred, "or other property of the transferee," or may even be able to obtain an injunction against the transferee preventing further disposition of the asset. Fla. Stat. § 726.108(1)(b) & (c) (2010).

Under a plain reading of the order appointing the Receiver, the Receiver is authorized to pursue legal claims to recover assets transferred by Clements and Smidi when they were operating MRT LLC as a Ponzi scheme. Actions under Florida's Uniform Fraudulent Transfer Act are expressly authorized by the order appointing the Receiver. Pursuant to Florida's Uniform Fraudulent Transfer Act, the Receiver may seek to rescind the fraudulent transfer of assets from the transferees, who in this case are allegedly the Defendants. Accordingly, the Court finds that the Receiver has authority to pursue these claims under the language of the order appointing the Receiver.

**B.  The Receiver's Standing In General**

The Defendants argue that the Receiver does not have standing to pursue claims on behalf of MRT LLC's creditors. (*See, e.g.,* Def.'s Mot. To Dismiss 4, ECF No. 55; Def.'s Mot. To Dismiss 4, ECF 250.) The Receiver asserts that he has standing to bring claims for the fraudulent transfer of

assets on behalf of MRT LLC because MRT LLC was injured by the diversion of these funds. (Pl.'s Resp. 10, ECF No. 118.)

"Although a receivership is typically created to protect the rights of creditors, the receiver is not the class representative for creditors, . . . the receiver can bring actions previously owned by the party in receivership for the benefit of creditors, but he or she cannot pursue claims owned directly by the creditors." *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 550 (Fla. Dist. Ct. App. 2003).  After a corporation, which was used by its principals to defraud investors, has been "cleansed" through receivership the corporation has viable claims "against the principals or the recipients of fraudulent transfers of corporate funds to recover assets rightfully belonging to the corporation and taken prior to the receivership." *Id.* at 551.  In other words, after a corporation has been placed into receivership, it becomes a creditor with respect to assets which were fraudulently transferred away.  In this scenario, the principals, who were operating the illegal scheme, are debtors of the corporation for their fraudulent activities. *See id.* at 550-51.  Further, recipients of corporate assets are transferees, regardless of whether they were aware of the wrongdoing of the principals.

In this case, the Receiver has pleaded that he "is a creditor with a claim," and that Clements and/or Smidi are debtors.  (Am. Compl. ¶¶ 27-28, 35-36, 43-44.)  As pleaded, the Receiver is not pursuing claims owned directly by the creditors.  Rather, the Receiver is pursuing claims that are owned by MRT LLC.  As such, the Receiver has standing to proceed in this matter.

**C.  The Sufficiency Of The Receiver's Pleadings**

The Defendants argue that the Receiver's averment that MRT LLC is a creditor within the meaning of Florida's Uniform Fraudulent Transfer Act is a mere legal conclusion, and is not supported by any pleaded facts.  (*See, e.g.,* Def.'s Mot. To Dismiss 5, ECF 55; Def.'s Mot. To Dismiss 4, ECF 250.)  The Receiver responds by citing to several cases which have found, or

5

allowed, receivers to proceed as creditors in other fraudulent transfers act cases. (Pl.'s Resp. 12, ECF 118.)

As explained in Subsection III(B) of this Order, a corporation in receivership can accurately be referred to as a creditor of assets which were fraudulently transferred away by principals engaged in wrongdoing. *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 550-51 (Fla. Dist. Ct. App. 2003). Here, the Receiver had alleged that Clement and Smidi used MRT LLC to operate a Ponzi scheme, that they exercised dominion and control over MRT LLC, and that they directed or executed fraudulent transfers out of MRT LLC's accounts. (Am. Compl. ¶¶ 18-21.) Through these allegations, the Receiver has met his burden of pleading a short and plain statement of the claim showing that he is entitled to relief. The factual allegations set forth in the Amended Complaint articulate enough facts to state a claim under Florida's Uniform Fraudulent Transfer Act that is plausible on its facts. Specifically, the Receiver has pleaded facts to establish that MRT LLC is a creditor, and that Clement and Smidi are debtors, with respect to the assets allegedly fraudulently transferred away as part of the Ponzi scheme. Additionally, the Receiver has pleaded sufficient facts to establish that the Defendants are transferees under Florida's Uniform Fraudulent Transfer Act. (*See* Am. Compl. ¶¶ 18-22.)

### D. The Existence Of A Meritorious Affirmative Defense Regarding The Unjust Enrichment Claim

The Defendants argue that if the allegations in the Amended Complaint are taken as true then the equitable defense of *in pari delicto* would bar any recover by the Receiver. (*See, e.g.,* Mot. To Dismiss 6, ECF No. 55; Mot. To Dismiss 5, ECF No. 250.) The Receiver responds that he is permitted to pursue this claim of unjust enrichment to recover assets which rightfully belong to the corporation and were wrongfully transferred prior to the receivership. (Pl.'s Resp. 15, ECF No. 118.) In short, the Receiver argues that he is not barred by the defense of *in pari delicto*.

"[U]nder the *in pari delicto* doctrine, a plaintiff who has participated in a wrongdoing may not recover damages resulting from the wrongdoing." *MGM Constr. Svcs. Corp. v. Travelers Cas. & Sur. Co. of Am.*, 57 So. 3d 884, 887 (Fla. Dist. Ct. App. 2011) (citations omitted). However, just because "a receiver receives his or her claims from the entities in receivership, a receiver does not always inherit the sins of his predecessors." *Freeman v. Dean Witter Reynolds, Inc.*, 865 So. 2d 543, 550 (Fla. Dist. Ct. App. 2003). A receiver may bring certain claims "that would be barred by the defense of *in pari delicto* if persued by the corporation that was placed in receivership." *Id.* Specifically, a corporation which has been "cleansed" through receivership "may bring claims directly against the principals or the recipients of fraudulent transfers of corporate funds to recover assets rightfully belonging to the corporation and taken prior to the receivership." *Id.* at 551.

In this case, the Receiver has pleaded sufficient facts which, if accepted as true, could defeat the Defendants *in pari delicto* affirmative defense. Accordingly, it would be inappropriate to grant the Defendants' Motions to Dismiss on the unjust enrichment count.

### E. Motions To Dismiss Based On Factual Denials

Three of the Defendants, Larry French, Alberto Pardo, and Matusha Pardo have filed Motions to Dismiss which simply deny or contest the Receiver's allegations in the Amended Complaint. (*See* Mots. To Dismiss, ECF Nos. 72 & 235.) Since the Court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff, the Defendants factual denials cannot constitute a basis for a viable Motion to Dismiss. Accordingly, these Motions to Dismiss are denied.

### IV. CONCLUSION

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** as follows:

1. Defendant GeeGee Morgan's Motion to Dismiss (ECF No. 55) is **DENIED**.
2. Defendant Larry French's Motion to Dismiss (ECF No. 72) is **DENIED**.

3. Defendant Joseph Charles' Motion to Dismiss (ECF 79) is **DENIED**.

4. Defendant Melba Pompey's Motion to Dismiss (ECF 81) is **DENIED**.

5. Defendants Alberto Pardo and Matusha Pardo's Motion to Dismiss (ECF No. 235) is **DENIED**.

6. Defendant James Bou, Jr.'s Motion to Dismiss (ECF No. 251) is **DENIED**.

7. Defendant Francis McLean's Motion to Dismiss (ECF No. 259) is **DENIED**.

8. Relatedly, Defendant Ricardo Delgado's Motion to Dismiss (ECF 53) is **DENIED** as moot. Defendant Ricardo Delgado has been dismissed by the Receiver. (*See* Notice of Vol. Dismissal, ECF No. 330.)

9. Defendant Johanna Torres's Motion to Dismiss (ECF 202) is **DENIED** as moot. Defendant Johanna Torres has reached a settlement agreement with the Plaintiff in this case. (*See* Pl.'s Mot. For Enlargment of Time (ECF No. 332).)

10. The Defendants must file their Answer to the Amended Complaint within fourteen days from the date of this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, on November 28, 2011.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*Robin S. Rosenbaum, U.S. Magistrate Judge*
*Counsel of record*
*Pro Se parties*